MARTORELL ET AL., DEMANDANTES Y APELANTES, *v.* J. OCHOA Y HERMANO ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª., en pleito sobre nulidad y reivindicación.

No. 1498.—Resuelto en julio 27, 1918.

Resuelto por los fundamentos de la opinión emitida en el caso No. 1499, *Martorell et al. v. J. Ochoa y Hermano et al.*, pág. 689.

Abogados de los apelantes: *Sres. José y Manuel Tous Soto.*

Abogados de los apelados: *Sres. Bosch y Soto.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Se trata de recurso de apelación interpuesto por la parte demandante contra sentencia que en el caso arriba expresado pronunció la Corte de Distrito de San Juan, Sección 1ª., en 22 de diciembre de 1915 desestimando la demanda sin especial condenación de costas.

En dicha demanda se pide que se declare nula la venta otorgada por Rosa Torrens en representación de los demandantes a favor de Juan Roure Dalmau por escritura de 5 de marzo de 1897 con relación a los condominios correspondientes a dichos demandantes en la finca rústica que se describe en la demanda, y nula también la venta hecha por Roure Dalmau a J. Ochoa y Hermano de dichos condominios, por escritura de 29 de mayo de 1903, y las inscripciones consiguientes, declarando además, que dichos condominios corresponden a los demandantes y condenando a la sociedad demandada a reintegrarlos a los mismos demandantes con sus frutos y rentas percibidos y podidos percibir, de los cuales deberá rendir cuenta detallada y justificada, con costas, desembolsos y honorarios de abogado a cargo de la demandada.

Los hechos determinantes de la acción que la corte *a quo* estima probados, son los siguientes:

(*a*) A cada uno de los demandantes corresponde en la finca descrita en la demanda un condominio de 1/9 parte de la mitad o sean 2/19 partes en plena propiedad y un condominio de ⅛ parte de 2/19 partes en nuda propiedad.

(*b*) Rosa Torrens en representación de los demandantes y como madre investida de patria potestad sobre los mismos vendió a Juan Roure Dalmau por escritura de 5 de marzo de 1897 ante el notario don Antonio Alvarez Nava los condominios a que se deja hecha referencia mediante autorización del Juzgado de Primera Instancia de Catedral obtenida por auto de 25 de febrero de 1897, teniendo entonces como también al tiempo de solicitarse la autorización y otorgarse dicha escritura doña Rosa Torrens y sus hijos menores su residencia, domicilio y vecindad en el municipio de Ciales.

(*c*) Don Juan Roure Dalmau por escritura otorgada también ante el notario don Antonio Alvarez Nava en 5 de marzo de 1897, hipotecó la finca de que se trata a favor de la mercantil J. Ochoa y Hermano, a quienes posteriormente la vendió por escritura de 29 de mayo de 1903 otorgada ante el notario don Jacinto Texidor, constándole a dicha mercantil que la venta hecha a su causante Roure Dalmau fué autorizada por el Juzgado de Primera Instancia de Catedral de la ciudad de San Juan.

(*d*) La sociedad demandada J. Ochoa y Hermano se encuentra en posesión de la finca de que se trata y ha estado en esa posesión desde el año 1903 percibiendo los frutos y rentas de la misma.

(*e*) La mercantil J. Ochoa y Hermano sostenía correspondencia con doña Rosa Torrens y con la sucesión de don Pedro Martorell, dirigida al pueblo de su residencia, o sea Ciales, y sabía que Ciales era la residencia habitual de la señora Torrens y de sus hijos al tiempo de concederse la autorización judicial

La parte demandada alegó como defensa especial que la

acción ejercitada había prescrito de acuerdo con el artículo 1858 del Código Civil Revisado y la corte por ese fundamento desestimó la demanda en su sentencia de 22 de diciembre de 1915.

Esta Corte Suprema, visto y considerado el recurso, confirmó la sentencia apelada por la que dictó en 28 de julio de 1917 (25 D. P. R. 759), y de esa sentencia solicitó la parte demandante reconsideración que le fué concedida, habiéndose traído nuevamente el caso a estudio con alegaciones así escritas como orales de la representación de los apelantes y del abogado Antonio F. Castro en concepto de *amicus curiæ,* y alegaciones orales de la representación de la parte apelada.

Al considerar si había o no justo título para la prescripción, trajimos a estudio por estimarlo conveniente a los intereses de la justicia nuestra resolución de 23 de julio de 1915, *Martorell et al.* v. *J. Ochoa y Hermano et al,* 23 D. P. R. 31, y hemos llegado a la conclusión, volviendo sobre dicha resolución, de que la escritura de 29 de mayo de 1903 otorgada por Juan Roure Dalmau a favor de la mercantil J. Ochoa y Hermano no adolece del vicio de nulidad que se le atribuye, por no adolocer de ese vicio la autorización que Rosa Torrens obtuvo del Juzgado de 1ª. Instancia de Catedral por auto de 25 de febrero de 1897, para vender a Roure Dalmau los condominios de que se trata.

Dicha conclusión se sostiene por las mismas razones que consignamos en la opinión que sirve de fundamento a la decisión del recurso No. 1499, pronunciada en esta fecha, las que aquí ratificamos y damos por reproducidas.

Pero es que aún en la hipótesis de que sostuviéramos nuestra decisión de 23 de julio de 1915 en el mismo caso y entre las mismas partes, 23 D. P. R. 31, la sentencia apelada se sostendría por el fundamento de haber prescrito la acción ejercitada.

Es indiscutible que la mercantil J. Ochoa y Hermano ha estado en posesión de los condominios de que se trata por

más de diez años que es el período aplicable al caso por tratarse de prescripción entre presentes.

La posesión ha sido de buena fe, la cual debe presumirse siempre, correspondiendo la prueba de la mala fe del poseedor al que la afirma, según el artículo 437 del Código Civil, y esa mala fe como cuestión que es de hecho ha debido probarse. No se ha probado, como tampoco se ha probado mediante la correspondiente evidencia que J. Ochoa y Hermano tenían conocimiento de que la escritura pública que les sirve de título, o sea, la otorgada a su favor por Juan Roure Dalmau, contuviera algún vicio que la invalidara, lo cual basta para que su posesión sea reputada de buena fe con arreglo al artículo 436 del Código Civil concordante con el 1851. La buena fe del poseedor, que como hemos dicho antes siempre es de presumirse, consiste según el artículo 1851 en la creencia de que la persona de quien recibió la cosa era dueña de ella y podía transmitir su dominio. Para la estimación de una mera creencia a los efectos de la buena fe no hay que aplicar los principios estrictos de derecho como si se tratara de juzgar acerca de la validez del acto, según sentencia del Tribunal Supremo de España de 2 de octubre de 1908, Jurisprudencia Civ. 112, página 39. Viene a corroborar la presunción de la buena fe por parte del poseedor, la autorización concedida para la venta por el Juzgado de Primera Instancia de Catedral.

Por lo que atañe al justo título para la prescripción, que en el caso presente es la escritura otorgada por Juan Roure Dalmau a favor de J. Ochoa y Hermano aun en la mera hipótesis de que aquél no hubiera podido transmitir a esa sociedad la propiedad de los bienes reclamados, como dicha escritura además de reunir los requisitos externos que la ley exige constituye por su naturaleza un título traslativo de dominio, es manifiesto que se llenan en ella las condiciones establecidas en los artículos 1853 y 1854 del Código Civil Revisado, porque de exigirse que el título invocado transmitiera de hecho y de derecho el dominio de la cosa al comprador, no tendría éste

por qué acudir a la prescripción, cuyo modo de adquirir por lo que respecta a la prescripción ordinaria sería supérfluo y habría que borrarlo por innecesario e inútil de entre los admitidos por nuestra legislación positiva.   Sentencia del Tribunal Supremo de España de 30 de enero de 1910, 119 Jur. Civ. 486.   Véase nuestra opinión en el recurso No. 1499, *supra.*

Es de confirmarse la sentencia apelada que dictó la Corte de Distrito de San Juan en 22 de diciembre de 1915, desestimando la demanda sin especial condenación de costas.

*Confirmada la sentencia apelada.*

Juez concurrente: Sr. Asociado Aldrey.

Los Jueces Asociados Sres. del Toro y Hutchison firmaron conformes con la sentencia, pero sin discutir la excepción de prescripción.

El Juez Asociado Sr. Wolf disintió en la resolución de este caso.